Skip to Main Content  Logout  My Account  Search Menu  New Civil District Search  Refine Search  Back    Location : All District Civil Courts  Images  Help

# REGISTER OF ACTIONS
## CASE NO. DC-15-14017

| | | |
|---|---|---|
| JACK PARKER et al vs. METLIFE AUTO & HOMES INSURANCE AGENCY INC | § § § § § | Case Type: INSURANCE<br>Date Filed: 11/17/2015<br>Location: 95th District Court |

### PARTY INFORMATION

| | | | Lead Attorneys |
|---|---|---|---|
| DEFENDANT | METLIFE AUTO & HOMES INSURANCE AGENCY INC | | DENNIS D CONDER<br>*Retained*<br>214-748-5000(W) |
| PLAINTIFF | PARKER, JACK | | DAVID BRUCE KOCH<br>*Retained*<br>972-788-1600(W) |
| PLAINTIFF | PARKER, MARY L. | | DAVID BRUCE KOCH<br>*Retained*<br>972-788-1600(W) |

### EVENTS & ORDERS OF THE COURT

OTHER EVENTS AND HEARINGS

| | | | | |
|---|---|---|---|---|
| 11/17/2015 | NEW CASE FILED (OCA) - CIVIL | | | |
| 11/17/2015 | ORIGINAL PETITION<br>*Plaintiffs' Original Petition and Request for Disclosure* | | | |
| 11/17/2015 | ISSUE CITATION | | | |
| 11/19/2015 | CITATION | | | |
| | METLIFE AUTO & HOMES INSURANCE AGENCY INC | Served | 11/20/2015 | |
| | | Returned | 12/08/2015 | |
| 11/19/2015 | CITATION ISSUED | | | |
| 12/08/2015 | AMENDED PETITION<br>*1ST* | | | |
| 12/08/2015 | RETURN OF SERVICE<br>*METLIFE AUTO & AUTO & HOMES INSURANCE AGENCY INC* | | | |
| 12/10/2015 | ORIGINAL ANSWER - GENERAL DENIAL | | | |

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | PLAINTIFF PARKER, JACK | | |
| | Total Financial Assessment | | 295.00 |
| | Total Payments and Credits | | 295.00 |
| | **Balance Due as of 12/14/2015** | | **0.00** |
| 11/19/2015 | Transaction Assessment | | 295.00 |
| 11/19/2015 | CREDIT CARD - TEXFILE (DC)  Receipt # 68520-2015-DCLK | Parker, Jack | (295.00) |



Case 3:15-cv-03972-D   Document 1-1   Filed 12/15/15   Page 2 of 16   PageID 7

1 CT-E-SERVE

FILED
DALLAS COUNTY
11/17/2015 3:16:47 PM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

NO. DC-15-14017

| | | |
|---|---|---|
| JACK PARKER and MARY L. PARKER, § | | IN THE DISTRICT COURT |
| *Plaintiffs*, § § § | | |
| v. § | | DALLAS COUNTY, TEXAS |
| § | | |
| METLIFE AUTO & HOME § INSURANCE AGENCY, INC., § § | | |
| *Defendant.* § § | | D-95TH ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Jack Parker and Mary L. Parker, Plaintiffs, and files this, their Original Petition, complaining of MetLife Auto & Home Insurance Agency, Inc., and for cause of action would respectfully show unto this Court the following:

I.

Jurisdiction and venue with respect to the claims and causes of action asserted herein are proper in the District Court of Dallas County, Texas.

II.

Pursuant to the provisions of Rule 47, TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs' would state that they are seeking monetary relief over $100,000.00 but not more than $200,000.00.

Parties and Service of Citation

PLAINTIFFS' ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE - Page 1

III.

Plaintiffs Jack Parker and Mary L. Parker are individual residents of the State of Texas and who reside in Dallas County, Texas.

Defendant MetLife Auto & Home Insurance Agency, Inc., which is duly authorized and admitted to write home and automobile insurance in the State of Texas, is a corporation organized and existing under the laws of the State of Rhode Island which may be served with Citation by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201.

IV.

Defendant, through its local recording agent's office issued an insurance policy naming the Plaintiffs as the insured and insuring the Plaintiffs' residential premises and contents therein located at 3823 Wooded Creek Drive, Farmers Branch, Texas against loss by storms, among other things. Pursuant to the terms of the policy, Plaintiffs had insurance protection on the dwelling up to approximately $200,000 for any loss resulting from damage to the structure insured. The insurance policy, being numbered by the Defendant as 2340545400.

On or about December 6, 2013, a large tree fell on the residence during an ice storm causing the roof to buckle on the eastern side of the house and interior structural damaged on the ceiling and support beam. The reasonable and necessary cost of repairing the damaged property is in excess of $75,000. However, these repairs could result in the property sustaining a loss in value in excess of $100,000.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has failed and refused to properly adjust and pay Plaintiffs in accordance

**PLAINTIFFS' ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE** - Page 2

with its contract obligation. Furthermore, in December 2014, Defendant unjustifiably denied liability under the policy of insurance, compelling the Plaintiffs to institute this litigation.

Defendant failed to conduct an investigation of Plaintiffs' claim for many months after it received the notice of claim and requested information from Plaintiffs. In addition, when Defendant's investigator/consultants did finally appear they conducted woefully inadequate investigations lacking in any testing, structural analysis, measurements and direct observations of roof and ceiling components. Moreover, Defendant has not provided Plaintiff with fair notice of Defendant's real reason for rejecting Plaintiffs' claim to benefits under the policy after initially acknowledging coverage and liability.

When the claim was presented to the insurer, the insurer's liability under the policy was reasonably clear, there being no basis in fact or from the policy's terms on which a reasonable insurer would have relied to deny the claim. At the time of the refusal to pay, Defendant knew or by the exercise of reasonable diligence should have known that its liability was reasonably clear. The refusal to pay is a breach of contract and a breach of the duty of good faith and fair dealing and was a proximate cause of the harm suffered by the Plaintiffs. Defendant's conduct was malicious in that it was intended to cause the Plaintiffs a substantial injury or harm, or has been and continues to be grossly negligent because it involves an extreme degree of risk of which the Defendant was aware.

Due to the danger presented by sagging roof and dislodged interior beam, the conditions ignored by Defendant, Plaintiffs have been compelled to limit their children and grandchildrens' use of the family game room where the damage occurred and is readily visible to the casual observer.

In addition, Plaintiffs' have been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiffs are entitled to recover from Defendant reasonable sum for the necessary services of the Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

## V.
### Request for Disclosure

Under Rule 194, TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this Request, the information or material described in Rule 194.2.

WHEREFORE, Plaintiffs request that Defendant be cited to appear and answer herein and that upon the final trial hereof, Plaintiffs recover from Defendant the following:

1. The sum of not less than 100,000, as the benefits payable under the insurance policy made the basis of this suit, together with prejudgment interest at the highest rate allowed by law;

2. a statutory penalty for Defendant's failure to comply with the prompt payment provisions of Article 21.55 of the TEXAS INSURANCE CODE;

3. a reasonable sum for attorneys' fees, as found by the trier of fact, with conditional sums for the services of plaintiffs' attorney in the event of subsequent appeals;

4. interest on the judgment at the rate provided by law from the date of judgment until paid;

5. Costs of suit; and

6. Such other and further relief to which the plaintiff may be justly entitled.

Respectfully submitted,

WRIGHT GINSBERG BRUSILOW P.C.

By:   /s/ David B. Koch
     David B. Koch
     State Bar No. 11643850

14755 Preston Road, Suite 600
Dallas, Texas 75254
(972) 788-1600 Telephone
(972) 702-0662 Telecopy
dkoch@wgblawfirm.com

ATTORNEYS FOR PLAINTIFFS

R:\11500s\11525\03\P\ORGPETREQDIS.wpd

Case 3:15-cv-03972-D Document 1-1 Filed 12/15/15 Page 7 of 16 PageID 12

FILED
DALLAS COUNTY
12/8/2015 2:52:35 PM
FELICIA PITRE
DISTRICT CLERK

NO. DC-15-141017-D

| | | |
|---|---|---|
| JACK PARKER and MARY L. PARKER, | § § | IN THE DISTRICT COURT |
| *Plaintiffs*, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, | § § § | |
| *Defendant.* | § | 95th JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Jack Parker and Mary L. Parker, Plaintiffs, and files this, their First Amended Petition, complaining of Metropolitan Lloyds Insurance Company of Texas, and for cause of action would respectfully show unto this Court the following:

I.

Jurisdiction and venue with respect to the claims and causes of action asserted herein are proper in the District Court of Dallas County, Texas.

II.

Pursuant to the provisions of Rule 47, TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs' would state that they are seeking monetary relief over $100,000.00 but not more than $200,000.00.

III.

Plaintiffs Jack Parker and Mary L. Parker are individual residents of the State of Texas and who reside in Dallas County, Texas.

Defendant Metropolitan Lloyds Insurance Company of Texas, which is duly authorized and admitted to write home and automobile insurance in the State of Texas, is a corporation organized and existing under the laws of the State of Rhode Island which may be served with Citation by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201.

IV.

Defendant, through its local recording agent's office issued an insurance policy naming the Plaintiffs as the insured and insuring the Plaintiffs' residential premises and contents therein located at 3823 Wooded Creek Drive, Farmers Branch, Texas against loss by storms, among other things. Pursuant to the terms of the policy, Plaintiffs had insurance protection on the dwelling up to approximately $200,000 for any loss resulting from damage to the structure insured. The insurance policy, being numbered by the Defendant as 2340545400.

On or about December 6, 2013, a large tree fell on the residence during an ice storm causing the roof to buckle on the eastern side of the house and interior structural damaged on the ceiling and support beam. The reasonable and necessary cost of repairing the damaged property is in excess of $75,000. However, these repairs could result in the property sustaining a loss in value in excess of $100,000.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has failed and refused to properly adjust and pay Plaintiffs in accordance

with its contract obligation. Furthermore, in December 2014, Defendant unjustifiably denied liability under the policy of insurance, compelling the Plaintiffs to institute this litigation.

Defendant failed to conduct an investigation of Plaintiffs' claim for many months after it received the notice of claim and requested information from Plaintiffs. In addition, when Defendant's investigator/consultants did finally appear they conducted woefully inadequate investigations lacking in any testing, structural analysis, measurements and direct observations of roof and ceiling components. Moreover, Defendant has not provided Plaintiff with fair notice of Defendant's real reason for rejecting Plaintiffs' claim to benefits under the policy after initially acknowledging coverage and liability.

When the claim was presented to the insurer, the insurer's liability under the policy was reasonably clear, there being no basis in fact or from the policy's terms on which a reasonable insurer would have relied to deny the claim. At the time of the refusal to pay, Defendant knew or by the exercise of reasonable diligence should have known that its liability was reasonably clear. The refusal to pay is a breach of contract and a breach of the duty of good faith and fair dealing and was a proximate cause of the harm suffered by the Plaintiffs. Defendant's conduct was malicious in that it was intended to cause the Plaintiffs a substantial injury or harm, or has been and continues to be grossly negligent because it involves an extreme degree of risk of which the Defendant was aware.

Due to the danger presented by sagging roof and dislodged interior beam, the conditions ignored by Defendant, Plaintiffs have been compelled to limit their children and grandchildrens' use of the family game room where the damage occurred and is readily visible to the casual observer.

In addition, Plaintiffs' have been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiffs are entitled to recover from Defendant reasonable sum for the necessary services of the Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

V.
Request for Disclosure

Under Rule 194, TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this Request, the information or material described in Rule 194.2.

WHEREFORE, Plaintiffs request that Defendant be cited to appear and answer herein and that upon the final trial hereof, Plaintiffs recover from Defendant the following:

1. The sum of not less than 100,000, as the benefits payable under the insurance policy made the basis of this suit, together with prejudgment interest at the highest rate allowed by law;

2. a statutory penalty for Defendant's failure to comply with the prompt payment provisions of Article 21.55 of the TEXAS INSURANCE CODE;

3. a reasonable sum for attorneys' fees, as found by the trier of fact, with conditional sums for the services of plaintiffs' attorney in the event of subsequent appeals;

4. interest on the judgment at the rate provided by law from the date of judgment until paid;

5. Costs of suit; and

6. Such other and further relief to which the plaintiff may be justly entitled.

          Respectfully submitted,

          WRIGHT GINSBERG BRUSILOW P.C.


          By:  /s/ David B. Koch
                David B. Koch
                State Bar No. 11643850

          14755 Preston Road, Suite 600
          Dallas, Texas 75254
          (972) 788-1600 Telephone
          (972) 702-0662 Telecopy
          dkoch@wgblawfirm.com

          ATTORNEYS FOR PLAINTIFFS

R:\11500s\11525\03\P\1AMDPETREQDIS.wpd

Case 3:15-cv-03972-D  Document 1-1  Filed 12/15/15  Page 12 of 16  PageID 17

FILED
DALLAS COUNTY
12/8/2015 2:52:35 PM
FELICIA PITRE
DISTRICT CLERK

NO. DC-15-141017-D

| | | |
|---|---|---|
| JACK PARKER and MARY L. PARKER, § | | IN THE DISTRICT COURT |
| *Plaintiffs*, § § § | | |
| v. § | | DALLAS COUNTY, TEXAS |
| § METROPOLITAN LLOYDS INSURANCE § COMPANY OF TEXAS, § § | | |
| *Defendant.* § | | 95th JUDICIAL DISTRICT |

### PLAINTIFFS' FIRST AMENDED
### PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Jack Parker and Mary L. Parker, Plaintiffs, and files this, their First Amended Petition, complaining of Metropolitan Lloyds Insurance Company of Texas, and for cause of action would respectfully show unto this Court the following:

I.

Jurisdiction and venue with respect to the claims and causes of action asserted herein are proper in the District Court of Dallas County, Texas.

II.

Pursuant to the provisions of Rule 47, TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs' would state that they are seeking monetary relief over $100,000.00 but not more than $200,000.00.

III.

Plaintiffs Jack Parker and Mary L. Parker are individual residents of the State of Texas and who reside in Dallas County, Texas.

Defendant Metropolitan Lloyds Insurance Company of Texas, which is duly authorized and admitted to write home and automobile insurance in the State of Texas, is a corporation organized and existing under the laws of the State of Rhode Island which may be served with Citation by serving its Registered Agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201.

IV.

Defendant, through its local recording agent's office issued an insurance policy naming the Plaintiffs as the insured and insuring the Plaintiffs' residential premises and contents therein located at 3823 Wooded Creek Drive, Farmers Branch, Texas against loss by storms, among other things. Pursuant to the terms of the policy, Plaintiffs had insurance protection on the dwelling up to approximately $200,000 for any loss resulting from damage to the structure insured. The insurance policy, being numbered by the Defendant as 2340545400.

On or about December 6, 2013, a large tree fell on the residence during an ice storm causing the roof to buckle on the eastern side of the house and interior structural damaged on the ceiling and support beam. The reasonable and necessary cost of repairing the damaged property is in excess of $75,000. However, these repairs could result in the property sustaining a loss in value in excess of $100,000.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendant has failed and refused to properly adjust and pay Plaintiffs in accordance

with its contract obligation. Furthermore, in December 2014, Defendant unjustifiably denied liability under the policy of insurance, compelling the Plaintiffs to institute this litigation.

Defendant failed to conduct an investigation of Plaintiffs' claim for many months after it received the notice of claim and requested information from Plaintiffs. In addition, when Defendant's investigator/consultants did finally appear they conducted woefully inadequate investigations lacking in any testing, structural analysis, measurements and direct observations of roof and ceiling components. Moreover, Defendant has not provided Plaintiff with fair notice of Defendant's real reason for rejecting Plaintiffs' claim to benefits under the policy after initially acknowledging coverage and liability.

When the claim was presented to the insurer, the insurer's liability under the policy was reasonably clear, there being no basis in fact or from the policy's terms on which a reasonable insurer would have relied to deny the claim. At the time of the refusal to pay, Defendant knew or by the exercise of reasonable diligence should have known that its liability was reasonably clear. The refusal to pay is a breach of contract and a breach of the duty of good faith and fair dealing and was a proximate cause of the harm suffered by the Plaintiffs. Defendant's conduct was malicious in that it was intended to cause the Plaintiffs a substantial injury or harm, or has been and continues to be grossly negligent because it involves an extreme degree of risk of which the Defendant was aware.

Due to the danger presented by sagging roof and dislodged interior beam, the conditions ignored by Defendant, Plaintiffs have been compelled to limit their children and grandchildrens' use of the family game room where the damage occurred and is readily visible to the casual observer.

In addition, Plaintiffs' have been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiffs are entitled to recover from Defendant reasonable sum for the necessary services of the Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

## V.
## Request for Disclosure

Under Rule 194, TEXAS RULES OF CIVIL PROCEDURE, Plaintiff requests that Defendant disclose within fifty (50) days of the service of this Request, the information or material described in Rule 194.2.

WHEREFORE, Plaintiffs request that Defendant be cited to appear and answer herein and that upon the final trial hereof, Plaintiffs recover from Defendant the following:

1. The sum of not less than 100,000, as the benefits payable under the insurance policy made the basis of this suit, together with prejudgment interest at the highest rate allowed by law;

2. a statutory penalty for Defendant's failure to comply with the prompt payment provisions of Article 21.55 of the TEXAS INSURANCE CODE;

3. a reasonable sum for attorneys' fees, as found by the trier of fact, with conditional sums for the services of plaintiffs' attorney in the event of subsequent appeals;

4. interest on the judgment at the rate provided by law from the date of judgment until paid;

5. Costs of suit; and

6. Such other and further relief to which the plaintiff may be justly entitled.

        Respectfully submitted,

        WRIGHT GINSBERG BRUSILOW P.C.

        By:  /s/ David B. Koch
             David B. Koch
             State Bar No. 11643850

        14755 Preston Road, Suite 600
        Dallas, Texas 75254
        (972) 788-1600 Telephone
        (972) 702-0662 Telecopy
        dkoch@wgblawfirm.com

        ATTORNEYS FOR PLAINTIFFS

R:\11500s\11525\03\P\1AMDPETREQDIS.wpd